UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------
:
ROWENA MOLSON,                   : CASE NO. 1:18-CV-01648
:
      Plaintiff,         :
:
vs.                              : OPINION & ORDER
                                                                                     : [Resolving Doc. No. 1]
JOSEPH HUMPOLICK                 :
:
      Defendant.         :
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

    *Pro se* Plaintiff Rowena Molson filed this action against Joseph Humpolick. Her Complaint in its entirety states:

> Section 44-Civil Right No cause and invidious discrimination by gender based on the value of human life at min excess of $75,000.00 between April 9 to June 1, 2009 all days included. No involvement by Plaintiff "self" by word or deed during this April 9 to June 2009 interval only Nuremberg Trial case in point of 1950's of abductions also "self" "me" had Aunt Karen Winker and Uncle Carl Winker deceased in Auschwitz camp in Germany 1943.

She attaches as exhibits a notice from the Pennsylvania Department of Human Services written in Spanish, and copies of her diploma and official transcripts from Athabasca University. She does indicate the relief she is seeking from the Defendant.

    Plaintiff filed an Application to Proceed *In Forma Pauperis*.[1] That Application is granted.

---
[1] Doc. No. 2

Although the Court does not hold *pro se* pleadings to the same standard as those filed by attorneys, the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2] A claim lacks an arguable basis in law or fact when it is based on an unquestionably meritless legal theory or when the factual allegations are clearly baseless.[3] A cause of action fails to state a claim upon which relief may be granted when it does not contain enough facts to suggest Plaintiff has a plausible claim that entitles her to the relief she seeks.[4] This does not mean Plaintiff is required to allege the facts of her Complaint in great detail, but she still must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation."[5] A Complaint that offers only legal conclusions or a simple listing of the elements of a cause of action will not meet this standard.[6] When reviewing the Complaint under § 1915(e), the Court must read it in a way that is the most favorable to the Plaintiff.[7]

Plaintiff's Complaint fails to state a claim upon which relief may be granted. It contains no facts pertaining to the Defendant and no indication of legal claims she intended to pursue against him. She offers only a legal conclusion that she was the victim of gender discrimination. This is not sufficient to meet the basic federal notice pleading requirements of Federal Civil Procedure Rule 8.

---

[2] *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990).
[3] *Neitzke*, 490 U.S. at 327.
[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).
[5] *Id.* at 678.
[6] *Id.*
[7] *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

The Court grants Plaintiff leave to file a sufficient Amended Complaint within fourteen days of the date of this order. If Plaintiff fails to file a sufficient Amended Complaint within the time allowed, the case will be dismissed.

IT IS SO ORDERED.

Dated: November 27, 2018            *s/ James S. Gwin*
                                         JAMES S. GWIN
                                         UNITED STATES DISTRICT JUDGE